**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1014
_____

IN RE: FREDERICK H. BANKS,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-15-cr-00168-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 23, 2019
Before:  CHAGARES, RESTREPO, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 22, 2019)
_____

OPINION[*]
_____

PER CURIAM

     Petitioner Frederick Banks is currently awaiting trial in the United States District

Court for the Western District of Pennsylvania on charges of interstate stalking, 18

U.S.C. § 2261(a)(2), aggravated identity theft, § 1028A(a)(1), making false statements,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

§ 1001(a)(3), and wire fraud, § 1343. In an order entered December 12, 2017, the District Court determined, inter alia, that Banks is competent to stand trial, but incompetent to represent himself. Banks filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1651, seeking an order directing the District Court to allow him to represent himself at trial, and to appoint standby counsel. For the following reasons, we will deny the mandamus petition.

Traditionally, use of the writ is appropriate "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943). Banks alleges that the District Court did not lawfully exercise its jurisdiction in denying his right to self-representation. However, the remedy of mandamus is "a drastic one, to be invoked only in extraordinary situations." United States v. Santtini, 963 F.2d 585, 593 (3d Cir. 1992). To justify the use of this extraordinary remedy, Banks must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992). Because Banks can raise the issue in a direct criminal appeal should he be convicted, he has not shown that he has no other alternative means of relief. See United States v. Peppers, 302 F.3d 120, 127-37 (3d Cir. 2002) (reviewing the issue after conviction); Flanagan v. United States, 465 U.S. 259, 267-68 (1984) ("post-conviction review of a disqualification order is fully effective to the extent that the asserted right to counsel of one's choice is like, for

2

example, the Sixth Amendment right to represent oneself"); cf. United States v. Gooch, 850 F.3d 285, 290 (6th Cir. 2107) ("[t]he district court did not deny defendant the right to counsel by allowing him to self-represent"); see also McKaskle v. Wiggins, 465 U.S. 168, 177 n.8 (1984) (holding that the denial of the right to self-representation "is not amenable to 'harmless error' analysis").

Accordingly, we will deny the petition for writ of mandamus.[1]

---

[1] Banks' motion filed with this Court on February 20, 2018, is denied. To the extent he seeks an order directing the District Court to appoint counsel, the motion is moot as the District Court has appointed new counsel. Banks' challenge to the District Court's determination that the period of delay stemming from this mandamus petition is excludable under the Speedy Trial Act should be raised, if necessary, in a motion to dismiss pursuant to 18 U.S.C. § 3162(a)(2). See Zedner v. United States, 547 U.S. 489, 506-07 (2006). Banks' emergency motion filed on March 21, 2019, is denied as unnecessary to the extent that it seeks expedited consideration of this mandamus petition. It is granted to the extent that it seeks judicial notice of a state court order granting Banks' right to self-representation on appeal. The "Motion to Disclose FISA Electronic Surveillance" is denied; to the extent that the motion seeks mandamus relief, Banks has not shown a clear and indisputable right to the writ. Finally, in an effort to clear up any confusion in the District Court, we note that there are no further matters pending in this Court regarding Banks' competency either to stand trial or to represent himself at trial.